IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

JOHN DOE #1 and )
JOHN DOE #2, on behalf of )
themselves and other persons similarly situated, ) CIVIL ACTION NO.
 )
      *Plaintiffs*, )
        v. )
 )
CONRAD INDUSTRIES, INC., )
 )
      *Defendant*. )

## COLLECTIVE ACTION COMPLAINT

Plaintiffs file this Collective Action Complaint under the pseudonyms John Doe #1 and John Doe #2 against Defendant Conrad Industries, Inc.

## NATURE OF THE ACTION

1. This is an action by John Doe #1 and John Doe #2 ("Plaintiffs") on behalf of themselves and all others similarly situated (the "Plaintiff Class") to stop Defendant's systemic practice of using third-party labor brokers to avoid paying FLSA-mandated overtime.

2. This practice by Conrad Industries has led to numerous lawsuits in this District, and others. Some of those lawsuits include:

- *Virgen v. Conrad Industries Inc* (6:15-cv-00465-RFD-CBW)
- *Vazquez v. Contractor Labor Services* LLC (6:16-cv-00408-RFD-PJH)
- *Pineda v. Superior Labor Services, Inc* (2:17-cv-04882-MLCF-DEK)
- *Portillo v. Permanent Workers LLC* (6:15-cv-01048-RFD-PJH)
- *Ramirez v. Contractor Labor Services LLC* (6:16-cv-01157-RFD-CBW)

3.      All of these lawsuits share the same premise: Conrad Industries contracts with third-party labor-brokers to obtain a workforce to staff Conrad shipyards. Conrad Industries then supervises and controls those workers as *de facto* employees, and the respective labor brokers provide little, if any, supervision or operative control over the workers.

4.      Many of the workers on Conrad Industries' jobsites are undocumented immigrants. Some of Conrad Industries' labor brokers use various methodologies for screening illegal immigrants—but both Conrad and its labor-brokers are well-aware that these alleged checks are largely *pro forma*. Conrad and its labor-brokers either are aware or should be aware that significant portions of their workforce are undocumented.

5.      Conrad's complicity in this scheme is evident because they continue to use the same labor brokers who have been sued or fined by the U.S. Department of Labor ("DOL") and/or private plaintiffs.

6.      This practice of using labor brokers to avoid paying overtime violations especially pernicious and wide-spread in the marine construction industry.[1]

7.      When sued for not paying workers overtime, Defendant often shields itself from by arguing that the aggrieved worker(s) are undocumented and that their alleged use of an alias should preclude FLSA collective action liability.

8.      In a vacuum of judicial enforcement, Defendant will continue to escape a company-wide accounting for the unpaid overtime that it has stolen from its largely immigrant workforce.

---

[1] *See* U.S. Department of Labor, *Federal Enforcement Effort Finds More Than 3,000 Gulf Coast Workers Owed Nearly $3.5 Million In Back Wages By Staffing Agencies,* https://www.dol.gov/newsroom/releases/whd/whd20150872 (last accessed August 20, 2017)

9. As one of the largest marine contractors in Louisiana, Defendant's practice is particularly troublesome. By utilizing a disenfranchised migrant workforce, Defendant is effectively suppressing the job market for American workers. By ensuring that Conrad's shipyards pay legally-mandated prevailing wages, the justice system can ensure continued economic growth for the citizens of Louisiana.

10. Through this collective action against Defendant, Plaintiffs seek to stop Defendant's unjust, illegal, and on-going practice of using third-party labor brokers to avoid paying undocumented migrants overtime.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b) (FLSA).

12. Venue is proper in this Court because a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district. *See* 28 U.S.C. § 1391(b).

## PARTIES

### Plaintiff John Doe #1

13. Plaintiff John Doe #1 is a resident of Louisiana.

14. From approximately June 2012 to February 2015, John Doe #1 was employed by Defendant at various shipyards in St. Mary Parish, Louisiana. These shipyards are located in Amelia, Louisiana and Morgan City, Louisiana.

15. Defendant hired John Doe #1 to work as a painter and blaster. John Doe #1's duties included removing old paint from ships, applying new paint, and other related duties.

16. At all relevant times, John Doe #1 and the members of the proposed Plaintiff Class were "employees" of the Defendant as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Plaintiff John Doe #2

17. Plaintiff John Doe #2 is a resident of Louisiana.

18. From approximately September 2013 to July 2015, John Doe #2 was employed by Defendant at various shipyards in St. Mary Parish, Louisiana. These shipyards are located in Amelia, Louisiana and Morgan City, Louisiana.

19. Defendant hired John Doe #2 to work as a painter and blaster. John Doe #2's duties included removing old paint from ships, applying new paint, and other related duties.

20. At all relevant times, John Doe #2 and the members of the proposed Plaintiff Class were "employees" of the Defendant as that term is defined in the FLSA, 29 U.S.C. § 203(e).

### Defendant Conrad Industries, Inc.

21. Defendant Conrad Industries, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Morgan City, Louisiana.

22. Defendant is in the business of boat construction. Defendant is the owner and/or operator of the shipyards at which Plaintiffs were employed. Defendant's shipyards repair and build boats for local and national markets. Defendant engages Louisiana and non-Louisiana labor brokers to provide manual laborers at Conrad's shipyards.

23. Defendant specifically documents the hours of all workers at its shipyards.

24. Defendant issues identification cards to all workers working at its shipyards.

25. Apart from finding and delivering workers to Defendant's shipyards, the labor brokers used by Conrad provide no supervision or control over those workers while they are on Conrad's shipyards.

26. Defendant supervised the day to day work activities of Plaintiffs.

27. Defendant determined Plaintiffs' work schedule and rate of pay for the employment at issue herein.

28. Defendant has annual gross revenues in excess of $500,000.00.

## FACTUAL ALLEGATIONS

29. Through labor brokers, Defendant finds and employs manual laborers to assist in building and refurbishing commercial boats at multiple shipyard sites in Louisiana. Defendant also owns and operates these shipyards. Defendant employs crews of at least 20 laborers at various sites simultaneously.

30. Plaintiffs normally worked more than forty hours per week for the Defendant.

31. Defendant uses third-party labor brokers to avoid paying Plaintiffs one-and-half times their hourly rate for all hours worked in excess of forty in a workweek. Defendant willfully violated Plaintiffs' rights under the FLSA because Defendant knew or showed reckless disregard for the fact that their use of third-party labor brokers to avoid paying Plaintiffs overtime violated the FLSA. Defendant is and was aware of the custom and practice of overtime pay from its experience and expertise in the industry in which it works.

## COLLECTIVE ACTION ALLEGATIONS - FLSA OVERTIME CLASS

32. Through labor brokers, Defendant paid the Plaintiffs, and other similarly-situated employees, at an hourly rate for work performed.

33. Defendant treated the named Plaintiffs, and other similarly-situated employees, as exempt from the FLSA's overtime requirements.

34. When the named Plaintiffs and other similarly-situated employees worked for Defendant, they were not exempt from the FLSA's overtime requirement.

## COUNT I
### Fair Labor Standards Act – FLSA Overtime Class

35. Plaintiffs incorporate by reference each of the preceding allegations as though fully set forth herein.

36. Plaintiffs allege as a putative collective action on behalf of themselves and an "FLSA Overtime Class," consisting of:

> all current and former workers providing labor to Defendant at Defendant's shipyards during the three years immediately preceding the filing of this suit as hourly or non-exempt employees and who, during that period, worked in excess of forty hours in any work week and failed to receive overtime pay, at the rate of one-and-a-half times their regular rate of pay, for all hours worked in excess of forty in a workweek.

37. Defendant willfully violated the overtime provisions of the FLSA, 29 U.S.C. § 207(a) by not paying Plaintiffs and other similarly situated employees one-and-a-half times their regular rate for all hours worked in excess of forty in a workweek from at least August 2014 and continuing until the present.

38. As a consequence of Defendant's FLSA violations, Plaintiffs and other similarly situated employees are entitled to recover their unpaid overtime wages, plus an additional amount in liquidated damages, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of the FLSA Overtime Class, pray for the following relief:

a. Certifying this case as a collective action under 29 U.S.C. § 216(b) and ordering that notice of the lawsuit be issued in an effective manner to the FLSA Overtime Class so that similarly situated employees may promptly file consent forms and join this action;

b. Entering judgment in the amount of all unpaid overtime wages due and owing to the Plaintiffs as well as all applicable liquidated damages;

c. Declaring that Defendant's conduct violated the FLSA;

d. Awarding Plaintiffs their reasonable attorneys' fees and costs of this action;

e. Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

f. Awarding such other general and equitable relief as this Court deems equitable and just.

*Respectfully submitted,*

*/s/ William H. Beaumont*
Roberto Luis Costales (#33696)
William H. Beaumont (#33005)
Emily A. Westermeier (#36294)
BEAUMONT COSTALES LLC
3801 Canal Street, Suite 207
New Orleans, LA 70119
Telephone: (504) 534-5005
*rlc@beaumontcostales.com*
*whb@beaumontcostales.com*
*eaw@beaumontcostales.com*

*Attorneys for Plaintiffs*