## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

Doe #1 et al                                  Civil Action No. 6:17-01050

versus                                        Unassigned District Judge

Conrad Industries Inc                         Magistrate Judge Carol B. Whitehurst

## REPORT AND RECOMMENDATION

Before the undersigned, on referral from the district judge, is a Rule 12(b)(6) Motion To Dismiss filed by Defendant Conrad Industries Inc. ("Conrad") [Rec. Doc. 14], an Opposition filed by Plaintiffs, Luis Vasquez Sanchez ("Sanchez") and Jesus Elias Sanchez Escobar ("Escobar"), on behalf of themselves and other persons similarly situated [Rec. Doc. 16], and Conrad's Reply thereto [Rec. Doc. 19]. Defendants move the Court for dismissal of Plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). For the reasons set out below, it is recommended that Defendant's Motion To Dismiss be denied.

## BACKGROUND

This case involves two Plaintiffs' allegations of unpaid wages in violation of the Fair Labor and Standard Act, ("FLSA"), 29 U.S.C. § 203. Plaintiffs both allege that they were hired by Conrad as "employees" as that term is defined in the FLSA, 29 U.S.C. § 203(e). Conrad is a corporation in the business of boat construction and the owner and/or operator of shipyards. *R. 1,¶¶ 23, 24.* Plaintiffs were hired to work as painters and blasters on Conrad's ships located in its shipyards in St. Mary Parish, Louisiana. *Id at ¶¶ 14,15, 17, 19, 20, 22.* Plaintiffs allege that Sanchez was employed from approximately June 2012 to February 2015 and Escobar from approximately September 2013 to July 2015. *Id at ¶¶ 14-19.*

Plaintiffs allege they were paid $18.00 per hour at the beginning of their employment and then $20.00 per hour for the remainder of their employment. They further allege they were paid a rate of $20.00 at the beginning and then $22.00 for every hour worked in excess of 40 in a work week—rather than overtime of one and one half times their hourly rate. *Id at ¶¶ 16, 21*. They allege they worked on average 70 hours per week. *Id at ¶ 32*. Plaintiffs further allege that Conrad specifically issues identification cards to all workers and supervised and documented their hours of work at its shipyards, but uses third party labor brokers to avoid paying them overtime of one and one half times their hourly rate for hours they work over 40 per week. *Id at ¶¶ 25, 26, 31, 33*.

They maintain that Conrad willfully violated their rights under the FLSA because it knew or showed reckless disregard for the fact that Conrad's use of third-party labor brokers to avoid paying them overtime violated the FLSA. *Id at ¶ 33*. Further, Plaintiffs contend that Conrad wrongly treated other similarly situated employees as exempt from the FLSA's overtime requirements by paying them through third party labor brokers. *Id at ¶¶ 34-36*. Accordingly, Plaintiffs filed this action on August 20, 2017, seeking to recover unpaid overtime wages, interest, liquidated damages, and attorneys' fees and costs on behalf of themselves and other similarly situated employees who worked for Defendants.

## CONTENTIONS OF THE PARTIES

Conrad contends that Plaintiffs have not provided factual support sufficient under the "economic reality" test to show that an employer-employee relationship existed between Plaintiffs and Conrad. In particular it contends that Plaintiffs have

failed to sufficiently allege Conrad was their employer; that Plaintiffs' activities were covered by the FLSA; that Conrad violated the FLSA; and the amount of overtime compensation due. Conrad states that it has no record of Plaintiffs ever working on their shipyards. Conrad further contends that Plaintiff's allegations of the use of unnamed labor brokers is beyond the scope of the FLSA.

Plaintiffs argue that their Complaint meets each of the "economic reality" test's requirements for alleging a claim for unpaid overtime wages under the FLSA. Plaintiffs further argue that Conrad's attempt to have the collective action dismissed is premature, as certification has not yet occurred. Finally, Plaintiff's assert that their allegations as to the third party labor brokers is support for their claims of repeated violations of the FLSA, and not a separate cause of action as Conrad suggests.

### RULE 12(B)(6) STANDARD

The Federal Rules of Civil Procedure permit a defendant to seek dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). However, a motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To satisfy this standard, the complaint must provide more than conclusions, but it "need not contain detailed factual allegations." *Colony Ins. Co. v. Peachtree Constr., Ltd.*, 647 F.3d 248, 252 (5th Cir. 2011). Yet, it must allege enough facts to move the claim "across the line from conceivable to plausible."

*Twombly*, 550 U.S. at 570. Determining whether the plausibility standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

**LAW AND ANALYSIS**

The FLSA provides that "[a]ny employer who violates the provisions of section 6 or section 7 of the Act ... shall be liable to the employee or employees affected in the amount of ... their unpaid minimum wages, or their unpaid overtime compensation." 29 U.S.C. § 216(b). "An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence: (1) that there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) that the employee engaged in activities within the coverage of the FLSA; (3) that the employer violated the FLSA's overtime wage requirements; and (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Res. (CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). Here, Conrad essentially argues that Plaintiffs have failed to sufficiently state a claim for relief under the FLSA as to (1) the existence of an employer-employee relationship and (2) violation of FLSA's overtime wage requirements. The Court will address these issues as follows.

**A. The Employer-Employee Relationship Under the FLSA**

Conrad argues that Plaintiffs have not sufficiently alleged that they had an employee-employer relationship with Conrad. The FLSA defines an "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee." *Orozco v. Plackis*, 757 F.3d 445, 448 (5th Cir. 2014)(citing 29 U.S.C. § 203(d)). Courts have utilized the "economic reality test" to determine a party's

status as an employer under the FLSA. *Id*. There are four factors under the economic reality test, none of which are dispositive. *Id*. These include "whether the alleged employer: (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id*. A party need not establish each element in every case. *Id*. "The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies." *Id. (quoting Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 251 (5th Cir.2012)). Moreover, "[t]he remedial purposes of the FLSA require the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." *Id. (quoting McLaughlin v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir.1989) (per curiam)).

Conrad also argues, in a conclusory manner, that Plaintiffs have not sufficiently pled that their work for Conrad shipyards as painters and blasters who removed and applied paint to boats were covered by the FLSA. FLSA further defines "employee" as "any individual employed by an employer" and the term "employ" as "to suffer or permit to work." 29 U.S.C. § 203(e)(1); (g). The Fifth Circuit has observed that the definition of "employee" under FLSA "is particularly broad." *Hopkins v. Cornerstone Am.*, 545 F.3d 338, 343 (5th Cir. 2008); *see also Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992) (noting that the FLSA "stretches the meaning of 'employee' to cover some parties who might not qualify as such under a strict application of traditional agency law principles"). Conrad has failed to state any reason or

exemption that would exclude the unskilled activities performed by Plaintiffs from coverage under the FLSA.

Upon assessing the Amended Complaint, the Court is persuaded that Plaintiffs have sufficiently pled a plausible claim that Conrad was an "employer" within the meaning of the FLSA and that they were "employees" of Conrad. Plaintiffs allege that Conrad "hired" Plaintiffs to work in its shipyards in St. Mary Parish, Louisiana to perform general construction work, including "removing old paint from ships, applying new paint." *R. 12,* ¶¶ 15, 20. Plaintiffs allege that Conrad "supervised the day-to-day work activities," "determined [the] work schedule and rate of pay for the employment" of both Plaintiffs. *Id at* ¶¶ 15, 20, 28, 29. Significantly, Plaintiffs allege that Conrad "specifically documents the hours ... [and] issues identification cards to all workers at its shipyards." *Id at* ¶¶ *25, 26.* Plaintiffs state that they "were 'employees' of the Defendant [Conrad] as that term is defined in the FLSA, 29 U.S.C. § 203(e)." *Id at* ¶*22.*

**B. Failure to Pay Overtime under the FLSA**.

Under the FLSA, employers shall not employ "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). Conrad asserts that Plaintiffs have not provided factual support for the allegation that it did not pay overtime as required by the FLSA. The Court disagrees. "By alleging the amount that [Conrad] paid Plaintiffs, the time period during which Plaintiffs worked, and that Plaintiffs worked in excess of forty (40) hours and were never paid

6.

one-and-half times their hourly rate," Plaintiffs have met their burden. There are sufficient allegations in Plaintiffs' Amended Complaint to put Conrad on notice of Plaintiffs' FLSA claims, even if it lacks the actual amount due. Indeed, Plaintiffs have alleged an approximate number of hours and the rates of pay for which each Plaintiff alleges he worked per week but was not properly compensated due to Conrad's complained-of policies. It is clear from the facts of the Amended Complaint that an approximation of unpaid hours would be difficult at this stage of the case given Conrad's alleged policies. Plaintiffs have sufficiently alleged an FLSA overtime wage violation.

## CONCLUSION

As set forth above, Conrad's motion fails to provide any reason why Plaintiffs' claims under the FLSA should not be allowed to proceed. Accordingly, the undersigned recommends that Conrad Industries Inc.'s Motion to Dismiss [Rec. Doc. 14] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)©) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

**THUS DONE AND SIGNED** this 21st day of December, 2017.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE